United States District Court
Southern District of Texas
**ENTERED**
June 08, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OZIEL LERMA-CRUZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-53 |
| | § | Criminal No. B:13-357-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 2, 2017, Petitioner Oziel Lerma-Cruz filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be denied.

**I. Procedural and Factual Background**

On May 7, 2013, a federal grand jury – sitting in Brownsville, Texas – indicted Lerma-Cruz in an eight count indictment, charging him with: (1) conspiracy to possess with intent to distribute more than 50 grams of methamphetamine; (2) possession with intent to distribute more than 50 grams of methamphetamine; (3) conspiracy to possess with intent to distribute more than 50 grams of methamphetamine; (4) importing more than 50 grams of methamphetamine into the United States; (5) conspiracy to possess with intent to distribute more than 500 grams of cocaine; (6) possession with intent to distribute more than 500 grams of cocaine; (7) conspiracy to import more than 500 grams of cocaine into the United States; and (8) importing more than 500 grams of cocaine into the United States, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 846, 952(a) & 960(b)(2). U.S. v. Lerma-Cruz, Criminal No. 1:13-357-1, Dkt. No. 8 (hereinafter "CR").

On June 13, 2013, Lerma-Cruz appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to possession with intent to distribute more than 500 grams of cocaine. CR Dkt. No. 16.

On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Lerma-Cruz's guilty plea. CR Dkt. No. 16.

On September 16, 2013, the District Judge adopted the report and recommendation. CR Dkt. No. 25.

**A. Sentencing**

In the final presentence report ("PSR"), Lerma-Cruz was assessed a base offense level of 34, predicated upon a finding that he was responsible for smuggling 3.48 kilograms of methamphetamine and 3.56 kilograms of cocaine. CR Dkt. No. 20, pp. 5-6. Pursuant to U.S.S.G. § 2D1.1, each of these drugs was converted to an equivalent of amount of marihuana and that equivalent amount was used to determine the base offense level. Id.

An additional two levels were assessed because the offense involved the importation of methamphetamine. CR Dkt. No. 20, p. 6. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Lerma-Cruz was assessed a total offense level of 33. Id.

Regarding his criminal history, Lerma-Cruz had no adult criminal convictions and was assessed 0 criminal history points and a criminal history category of I. CR Dkt. No. 20, pp. 6-7. A total offense level of 33 and criminal history category of I, produced a sentencing guideline imprisonment range of 135 to 168 months.

The PSR noted that if Lerma-Cruz qualified for "safety valve," under U.S.S.G. § 5C1.2, his base offense level would be reduced by two points to 31. CR Dkt. No. 20, p. 9. If this happened, his new guideline imprisonment range would be 108 to 135 months. Id.

On October 21, 2013, the District Court held the sentencing hearing and gave Lerma-Cruz the safety valve reduction. Lerma-Cruz was sentenced to 108 months of incarceration, three years of unsupervised release and a $100 special assessment, which was ordered remitted. CR Dkt. No. 29. Judgment was entered on November 6, 2013. Id.

**B. Direct Appeal**

Lerma-Cruz timely filed a notice of appeal. CR Dkt. No. 27.

On March 5, 2014, the Fifth Circuit dismissed the appeal, "pursuant to [Lerma-Cruz's] motion." CR Dkt. No. 43.

**C. Motion for Reduction in Sentence**

On January 8, 2016, Lerma-Cruz filed a motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). CR Dkt. No. 49. He argued that he should receive the benefit of the retroactive application of Amendment 782 to the Sentencing Guidelines, which revised the drug quantity tables. Id.

On January 27, 2016, the Court appointed an attorney to represent Lerma-Cruz in determining whether a sentencing reduction was warranted. CR Dkt. No. 51.

On February 19, 2016, Lerma-Cruz's attorney filed a brief regarding the sentencing reduction, which stated that under the new drug quantity tables, Lerma-Cruz's guideline sentencing range would be 87 to 108 months. CR Dkt. No. 55. It noted his lack of prior criminal history, his family situation, and his conduct in prison. Id. As to his conduct in prison, the brief did discuss some disciplinary incidents, but explained that they "represent[ed] a short time in his life where he . . . experienced extreme personal mental challenges." Id, pp. 3-4.

On February 26, 2016, the District Court denied the motion for a reduction in sentence. CR Dkt. No. 56. The Court stated that the "judgment was and is appropriate under 18 U.S.C. § 3553(a)" and also noted that the sentence of 108 months is within the revised guideline sentencing range of 87 to 108 months. Id.

On March 28, 2016, Lerma-Cruz timely filed a notice of appeal of the denial of the motion. Dkt. Nos. 60, 62, 64.

On appeal, Lerma-Cruz's appellate lawyer filed a motion for leave to withdraw in accordance with Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 83. On December 20, 2016, the Fifth Circuit granted the motion to withdraw, finding that the appeal presented "no nonfrivolous issue for appellate review." Id. The appeal was dismissed. Id.

**D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On March 2, 2017, Lerma-Cruz filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. He later amended his petition expressly setting out his claims. Dkt. No. 5. In his motion, Lerma-Cruz raises several claims, which the Court restates as one claim: his lawyer was ineffective for failing to properly argue Lerma-Cruz's motion for reduction in sentence.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

**II. Applicable Law**

**A. Section 2255**

Lerma-Cruz seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the

4

petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id.  To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012).  Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Lerma-Cruz's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

The Court begins by noting that it does not appear that a defendant can collaterally attack the denial of a § 3582 motion.  A § 3582(c)(2) motion is reserved for the retroactive application of an amendment to the sentencing guidelines. 18 U.S.C. § 3582(c)(2).  This is a technical application of the sentencing guidelines.  Actions that amount to a technical application of the guidelines is defined by the case law. See, e.g., U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); U.S. v. Williamson, 183 F.3d 458, 461 (5th Cir. 1999) (issue of whether career offender sentencing enhancement properly applied was a technical application of the Guidelines); U.S. v. Smith, 170 F.3d 184 (5th Cir. 1999) (relevant conduct finding regarding drug weight was a technical application of the Guidelines); U.S. v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (error in calculating sentence was a technical application of the Guidelines).

A claim which involves a technical application of the guidelines is not cognizable in a § 2255 petition. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992).  However, even if Lerma-Cruz could collaterally attack the denial of his § 3582(c)(2) motion, his claim still fails.

Lerma-Cruz has raised one overarching claim, that his lawyer was ineffective in litigating his motion for a reduction of sentence. Dkt. Nos. 1, 5.  This claim is foreclosed as a matter of law.  The Fifth Circuit has held that "because there is no constitutional right to appointed counsel in a § 3582(c)(2) proceeding," a defendant "cannot claim" that he received ineffective assistance of counsel in that proceeding. U.S. v. Singleton, 654 F. App'x 185, 186 (5th Cir. 2016) (internal citation omitted); U.S. v. Payne, 464 F. App'x 194, 195 (5th Cir. 2010); U.S. v. Villa, 149 F.3d 1176 (5th Cir. 1998).[1]

---

[1] Moreover, it appears that Lerma-Cruz's counsel filed a brief in which she made the arguments that he accused her of not making. CR Dkt. No. 55.  Thus, even if Lerma-Cruz had a constitutional right to effective assistance of counsel in his § 3582 motion, his counsel was not ineffectI've. See Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.").

Accordingly, Lerma-Cruz's claim is not cognizable and should be denied.[2]

## IV. Recommendation

It is recommended that the Petitioner Oziel Lerma-Cruz's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Lerma-Cruz's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Lerma-Cruz's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

---

[2] Lerma-Cruz's petition is untimely filed because a § 3582 motion "does not restart the clock for AEDPA's one-year limitations period for the filing of § 2255 motions." U.S. v. Jones, 796 F.3d 483, 486 (5th Cir. 2015). However, given that his claim is foreclosed as a matter of law, the untimeliness of the petition does not change the ultimate outcome.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 8, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge